HARRISON, administrator, *v.* BARBER *et al.*

No. 15332. JANUARY 9, 1946.

*G. A. Johns* and *James W. Arnold,* for plaintiff.

*Joseph D. Quillian,* for defendants.

JENKINS, Presiding Justice. Strangely enough, the exact question here involved seems never to have been adjudicated by this court. The reasoning both pro and con has been strongly and persuasively presented and, like Mr. Facing Both-Ways in "Pilgrim's Progress," the problem looks confusing. The statutory rules of inheritance provide: "Brothers and sisters of the intestate shall stand in the second degree, and shall inherit, if there is

no widow, child, or representative of a child. The half-blood, both on the paternal and maternal side, shall inherit equally with the whole blood. The children or grandchildren of brothers and sisters deceased shall represent and stand in the place of their deceased parents, but there shall be no representation further than this among collaterals." Code, § 113-903 (5). The plaintiff in error contends that, if children of a predeceased brother "represent and stand in the place of their deceased parent," then they must do so in all respects, and therefore must account (just as their parent would have had to do) for any indebtedness owed by the parent to his brother. The plaintiff in error also relies upon the Code, § 113-1016, with respect to advancements, which provides: "In the distribution of an estate, every child of the intestate, and if a child is dead the representatives of his distributive share, shall first account for any and all advancements made in the intestate's lifetime;" the argument being that the collateral kin (as here) ought not to be given privileges over and beyond those accorded to children, to whom advancements have been made.

We think that the answer to our problem is largely dependent upon the question whether the children inherit directly from their uncle, or take under and from their father. If they as children inherit from their father, and take the share which the father took from this brother, manifestly the father's share should be charged with the obligation due by him to his brother. But, as pointed out by the defendant in error, how can it be said that the children inherit from their father, who predeceased his brother and therefore never could and never did claim anything from or under his brother? We think that the manifest meaning of the Code section first quoted is that the children of a predeceased brother "represent and stand in the place of their deceased parent" in the sense that they together take, per stirpes, *from their uncle* one, but only one, share of the estate. If they take directly as heirs at law from their uncle, how can it properly be said that their inheritance should be charged with an indebtedness of any person other than themselves, even though it be a debt owing by their father? It seems clear that the only function served by the deceased father is that the paternity of the children fixes and determines who constitutes the heirs at law of the uncle as to one share of the estate.

Nor do we think that the quotation from the Code, § 113-1016, has any sort of determining effect upon the question here involved. The section on its face deals exclusively with advancements. Advancements relate only to a certain sort of provision made by a parent during his lifetime for a child (§ 113-1013), and therefore it is not contended that this section has application here other than by analogy. But, in addition to this, advancements made by a parent to his children, and a debt due by the parent of an heir at law, are not analogous, but stand upon bases entirely different. When an advancement is made by a parent to a child, any future claim of such child as an heir at law is then and there extinguished in whole or in part, as the case may be. The right of inheritance itself is satisfied. Thus, were it possible, though it is not, to treat the loan made by the deceased to his brother as an advancement, then it would have extinguished (at least pro tanto) his status as an heir at law; and he not being an heir at law, neither would his children be—all for the reason that this share of the estate had already been satisfied.

All of this is very different, however, from charging an heir of one person—in this case an uncle—with a debt owing to the uncle by another and different person.

The ruling here made, sustaining the order of the trial court, conforms with the majority rule adopted by foreign jurisdictions. In 21 Am. Jur. 642, § 464, it is said: "There is a conflict of opinion upon the question whether the indebtedness owing to a remote ancestor by a predeceased immediate ancestor may be deducted in determining the amount which the distributees are entitled to take in the remote ancestor's estate. According to the weight of authority, such deduction cannot be made."

*Judgment affirmed. All the Justices concur.*